IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLUMBIA CASUALTY COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>COMPLETE CARE AT MILFORD MANOR LLC,<br><br>        Defendants. | Civil Action No.<br><br><u>**COMPLAINT**</u> |

Plaintiff Columbia Casualty Company, by way of Complaint against defendant Complete Care at Milford Manor, LLC f/k/a Milford Manor, alleges as follows:

### THE PARTIES

1. Columbia Casualty Company ("Columbia") is an Illinois corporation engaged in the insurance business with a statutory home office and its principal place of business located at 151 North Franklin Street, Chicago, Illinois 60606. Columbia is authorized to transact business and has transacted business in the State of New Jersey.

2. Complete Care at Milford Manor LLC ("Defendant") is a limited liability company organized under the laws of the State of New Jersey with its last known principal place of business at 69 Maple Road, West Milford, New Jersey 07480. Upon information and belief, the only member of Defendant is Shalom Stein, a New Jersey citizen.

### JURISDICTIONAL ALLEGATIONS

3. The amount in controversy between the parties is in excess of $75,000.00.

4. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

5. Venue is proper in this judicial district because Defendant transacts business in the State of New Jersey.

## FACTUAL BACKGROUND

6. Columbia repeats, restates and realleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

<u>Complete Care at Milford Manor LLC's Acquisition/Merger with Milford Manor</u>

7. Defendant and Milford Manor (the previous owner of the Facility) engaged in a joint venture and enterprise to act in concert in the operation, management, and maintenance of the long-term care facility at 69 Maple Road, West Milford, New Jersey 07480 ("Facility").

8. Upon information and belief, on December 16, 2021, Defendant acquired and/or merged with Milford Manor.

9. Defendant is liable for Milford Manor's obligations under the Policy.

<u>The Policy</u>

10. Columbia issued a policy of aging services healthcare insurance to Defendant under Policy No. PLC 7015738378 for the effective dates of April 4, 2021 to April 4, 2022 ("Policy").

11. The Policy is an insurance contract which provides insurance for certain liabilities of Defendant as set forth in the Policy.

12. Pursuant to the terms of the Policy, Defendant has a deductible obligation of $50,000.00 per claim or occurrence.

13. Pursuant to the terms of the Policy, Defendant's deductible obligation for claim or occurrence is based upon the total indemnity paid for that particular claim or occurrence.

Claim No. HMB38619

14. Defendant submitted a claim with a February 14, 2022 date of loss for claimant "E.D."[1] for coverage under the Policy ("Claim No. HMB38619").

15. Columbia fulfilled its contractual obligations to Defendant and provided the coverage afforded by the Policy for Claim No. HMB38619.

16. Columbia paid total indemnity of $275,000.00 for Claim No. HMB38619.

17. Pursuant to the terms of the Policy, Defendant is obligated to remit payment of $50,000.00 for Claim No. HMB38619.

18. Columbia demanded payment of $50,000.00 on numerous occasions.

19. Defendant admitted that they owe $50,000.00 for Claim No. HMB38619.

20. Defendant has failed, refused, and continues to refuse to remit payment of $50,000.00 for Claim No. HMB38619.

21. As of February 20, 2026, pre-judgment interest in the amount of $3,419.66, calculated in accordance with N.J. Stat. Ann. § 59:13-8 based on the statutory rate of 5.50% per annum from November 26, 2024 has accrued on the unpaid invoices for Claim No. HMB38619.

Claim No. HMB37094

22. Defendant submitted a claim with a December 16, 2021 date of loss for claimant "A.A." for coverage under the Policy ("Claim No. HMB37094").

23. Columbia fulfilled its contractual obligations to Defendant and continues to provide the coverage afforded by the Policy for Claim No. HMB37094.

24. Columbia's reserves for indemnity costs and expenses for Claim No. HMB37094 are in excess of $300,000.00.

---

[1] All claimants are identified by initials for privacy reasons. The full names, if requested by Defendant, will be provided under the terms of a confidentiality order.

25. Claim No. HMB37094 remains open and invoices for amounts within Defendant's deductible will be issued in the future.

26. Defendant's deductible obligation for Claim No. HMB37094 totals $50,000.00.

## COUNT ONE
### (Breach of Contract)

27. Columbia repeats, restates and realleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

28. The Policy is a valid written contract.

29. Columbia consistently met and fulfilled its contractual obligations to Defendant under the Policy.

30. Defendant is obligated to remit payment of $53,419.66 for the outstanding deductible, inclusive of interest through February 20, 2026, for Claim No. HMB38619.

31. Columbia demanded payment of the $50,000.00 outstanding deductible on numerous occasions.

32. Defendant materially breached the Policy through its failure and continued refusal to remit payment of the $50,000.00 outstanding deductible for Claim No. HMB38619.

33. Defendant's failure and continued refusal to pay the outstanding deductible for Claim No. HMB38619 has resulted in damages to Columbia in the amount of $53,419.66.

**WHEREFORE**, Columbia demands judgment against Defendant in the amount of $53,419.66 for compensatory damages, together with pre-judgment and post-judgment interest, reasonable attorney's fees, costs of suit, and such further relief as this Court deems just and proper.

## COUNT TWO
### (Account Stated)

34. Columbia repeats, restates and realleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

35. As parties to the Policy, Columbia and Defendant had business transactions among them.

36. Columbia issued invoices for the outstanding deductible for Claim No. HMB38619.

37. Defendant never disputed the invoice or the deductible for Claim No. HMB38619.

38. Defendant did not make any payments for the deductible for Claim No. HMB38619.

39. Columbia has attempted to collect $50,000.00 for the outstanding deductible on numerous occasions.

40. Defendant has failed, refused, and continues to refuse to pay the balance due and owing to Columbia, thereby resulting in damages to Columbia in the amount of $53,419.66.

**WHEREFORE**, Columbia demands judgment against Defendant in the amount of $53,419.66 for compensatory damages, together with pre-judgment and post-judgment interest, reasonable attorney's fees, cost of suit, and such further relief as this Court deems just and proper.

## COUNT THREE
### (Anticipatory Breach/Repudiation of Contract)

41. Columbia repeats, restates and realleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

42. Defendant has unequivocally communicated their intent to breach the Policy by refusing to remit payment for the deductible owed to Columbia.

43. Defendant's failure and refusal to remit payments for the invoices billed for Claim No. HMB38619 is a manifestation by act of Defendant's intention to no longer perform its obligations under the Policy, *i.e.*, payment of deductibles.

44. Defendant's deductible obligation for Claim No. HMB37094 is $50,000.00.

45. Defendant should not be entitled to retain and continue to receive the benefits of the coverage under the Policy due to Defendant's intentional and anticipatory breach of the Policy.

46. Columbia has been damaged by Defendant's anticipatory breach of the Policy in an amount of at least $50,000.00 for deductibles.

47. Columbia's damages due to Defendant's anticipatory breach of the Policy has caused additional damages to Columbia, including attorney's fees and costs.

**WHEREFORE**, Columbia demands judgment against Defendant in the amount of at least $50,000.00 for compensatory damages, together with pre-judgment and post-judgment interest, reasonable attorney's fees, costs of suit, and such further relief as this Court deems just and proper.

### COUNT FOUR
**(Unjust Enrichment)**

48. Columbia repeats, restates, and realleges the allegations of Paragraphs 1 through 5 as if fully set forth herein.

49. Columbia has provided insurance coverage and related services to Defendant for which Defendant has refused to pay.

50. Defendant acknowledged and accepted the insurance coverage and related services provided by Columbia.

51. Defendant retained the benefit of the insurance and related services provided by Columbia.

52. Defendant refused to remit payment for the insurance and related services provided by Columbia.

53. It would be inequitable for Defendant to retain the benefits of insurance and related services without payment to Columbia.

54. Columbia has repeatedly demanded that Defendant remit payment for the insurance and related services provided by Columbia.

55. Defendant has failed, refused, and continues to refuse to pay Columbia, thereby resulting in damages to Columbia in the amount of $627,895.00.

**WHEREFORE**, Columbia demands judgment against Defendant in the amount of $627,895.00 for compensatory damages, together with pre-judgment and post-judgment interest, reasonable attorney's fees, cost of suit, and such further relief as this Court deems just and proper.

Dated: February 20, 2026　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　 /s/ Dennis E. Kadian
　　　　　　　　　　　　　　　　　　　　Dennis E. Kadian, Esq.
　　　　　　　　　　　　　　　　　　　　THOMAS KADIAN LLC
　　　　　　　　　　　　　　　　　　　　90 East Halsey Road, Suite 390
　　　　　　　　　　　　　　　　　　　　Parsippany, New Jersey  07054
　　　　　　　　　　　　　　　　　　　　973.996.4300
　　　　　　　　　　　　　　　　　　　　*dkadian@thomaskadian.com*
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff